PEOPLE v BELLANCA

1. APPEAL AND ERROR—COURTS—REMAND.

On remand, a trial court may decide any matters left open by the appellate court and is free to make any order in further progress of the case, not inconsistent with the decisions of the appellate court, as to any question not presented or settled by the appellate decision.

2. APPEAL AND ERROR—COURTS—REMAND.

It is the trial court's duty to comply strictly with the mandate of the appellate court on remand.

3. COURTS—PRECEDENT—DEFINITION.

A trial court is, as a general rule, bound to apply in similar cases a principle of law which has become settled by a series of decisions.

4. CONSTITUTIONAL LAW—STATUTES—ONE-MAN GRAND JURY—PRECEDENT.

The constitutionality of the one-man grand jury act has been consistently upheld by the Supreme Court and can be declared unconstitutional only by an adverse ruling by a majority of that Court (MCLA 767.3 *et seq.*).

Appeal from Oakland, William J. Beer, J. Submitted Division 2 October 3, 1972, at Grand Rapids. (Docket No. 14779.) Decided October 26, 1972. Leave to appeal denied, 389 Mich 753.

Peter J. Bellanca was charged with having committed perjury before a one-man grand jury. Defendant's motion for an order requiring production of transcripts of the grand jury testimony was

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 922.
[2] 5 Am Jur 2d, Appeal and Error §§ 962, 971, 974.
[3] 20 Am Jur 2d, Courts § 183 *et seq.*
[4] 16 Am Jur 2d, Constitutional Law §§ 60, 152, 553.

denied. Defendant appealed to the Court of Appeals. Modified in part, affirmed in part. Defendant appealed to the Supreme Court. Affirmed in part, reversed in part, and remanded to the trial court. The trial court declared the one-man grand jury act unconstitutional and dismissed the proceedings against defendant. The people appeal by leave granted. Reversed and remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph F. Regnier,* Special Assistant Attorney General, and *James Edwards,* Assistant Attorney General, for the people.

*Louis J. Colombo, Jr.,* for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

PER CURIAM. On August 14, 1967, an Oakland Circuit Judge acting as a "grand juror" ordered the issuance of a warrant for the arrest of the defendant so that he might be prosecuted for perjury. Thereafter defendant filed a motion for discovery of certain grand jury testimony which he took to circuit court, to this Court (20 Mich App [1969]), and to the Supreme Court (386 Mich 708 [1972]). The judgment order entered pursuant to that Supreme Court opinion of March 3, 1972, remanded the cause to Oakland County Circuit Court for further proceedings in accordance with the opinion.

On remand, apparently pursuant to newly enacted GCR 1963, 787, the cause was assigned to the presiding judge of Oakland County Circuit Court, rather than to the circuit judge who had

originally heard the matter. The grand jury transcripts were delivered to the presiding judge, and a hearing on the matter was set for June 5, 1972. At that hearing, after argument, the judge on his own motion announced that the one-man grand jury act (MCLA 767.3 *et seq;* MSA 28.943 *et seq)* was unconstitutional, and that accordingly he declined to release any of the grand jury testimony in question. Pursuant to that announcement, the presiding judge entered an order that date holding the act unconstitutional, quashing the warrant, dismissing the proceedings and discharging the defendant. The people, pursuant to MCLA 770.12; MSA 28.1109, seek leave to appeal, and defendant has filed an answer.

We reverse and remand this cause for proceedings in accordance with the judgment order of the Supreme Court. " 'On remand, the trial court may consider and decide any matters left open by the appellate court and is free to make any order or direction in further progress of the case, *not inconsistent with the decisions of the appellate court,* as to any question not presented or settled by such decision.' 5 Am Jur 2d, Appeal and Error, § 992, pp 419, 420." (Emphasis added.) *People v Kennedy,* 384 Mich 339, 343 (1971).

"It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court." 5 Am Jur 2d, Appeal and Error, § 991, pp 417–418. We think the mandate of the Supreme Court in the cause required the lower court to "examine the record and supply that material requested to the petitioner and cause the rest of the record to be returned to the custody of the person from whom the judge obtained it".

The presiding judge exceeded his authority in reaching the question of the constitutionality of the one-man grand jury act. "The general rule is that where a principle of law has become settled by a series of decisions, it is binding on the courts and should be followed in similar cases, or, as otherwise expressed, when a point has been settled by a decision, it forms a precedent which is not afterwards to be departed from." 7 Michigan Law & Practice, Courts, § 52, pp 652–653.

The Supreme Court of this state in a series of opinions beginning with *In re Slattery,* 310 Mich 458 (1945), and as recently as *In re Colacasides,* 379 Mich 69 (1967), has sustained the constitutionality of the one-man grand jury statute. "It has become the law of this State, and can be changed only by an adverse ruling by a majority of [the Supreme] Court." *People v Kamhout,* 227 Mich 172, 185 (1924).

The statement in its opinion in this case that "the constitutionality of a system whereby a *judge accuses* a person of crime may not withstand our re-examination" we take to be *dictum* to the effect that the Supreme Court has reserved decision in the matter to itself when it is raised in a proper case. It is no authority for the action taken here by the presiding judge, nor does it authorize us to reconsider the constitutional issue already decided by the Supreme Court.

Pursuant to GCR 1963, 806.7 the order appealed from in this cause is reversed, and the cause is remanded for further proceedings in accordance with the opinion found at 386 Mich 708 (1972), and GCR 1963, 787.