PEOPLE v MECHURA

Docket No. 115851. Submitted February 16, 1994, at Detroit. Decided June 6, 1994, at 9:45 A.M. Leave to appeal sought.

Thomas W. Mechura was convicted by a jury in the Genesee Circuit Court, Donald R. Freeman, J., of first-degree murder and possession of a firearm during the commission of a felony following a trial during which the defendant argued self-defense but the victim's girl friend testified that the victim had been unarmed when the defendant shot him. The defendant subsequently moved for a new trial on the basis of newly discovered evidence and, at the hearing on that motion, presented a witness who had passed a polygraph examination and testified that the victim's girl friend had told the witness that she had lied at the trial when she testified that the victim had been unarmed. The court denied the motion. The defendant appealed.

The Court of Appeals *held*:

1. The trial court abused its discretion in denying the motion for a new trial. The claimed newly discovered evidence, had it been presented at trial, might have resulted in a different verdict. Additionally, the credibility of the defendant's witness at the hearing on the motion for new trial was bolstered by the polygraph examination.

2. The prosecution improperly attempted at trial to introduce evidence of illegal activity by the defendant without substantiation when it cross-examined the defendant's psychiatrist about drug use by the defendant. The psychiatrist had testified that the defendant said that he did not use drugs, but the prosecution persisted in trying to impeach the credibility of the psychiatrist by having the psychiatrist read a statement by a person who accused the defendant of drug dealing. The accusation of drug dealing was more prejudicial than probative.

Reversed and remanded for a new trial.

REFERENCES

Am Jur 2d, Criminal Law §§ 998, 1006; New Trial §§ 390, 414, 415, 420, 426, 435, 445, 446.

What constitutes "newly discovered evidence" within meaning of Rule 33 of Federal Rules of Criminal Procedure relating to motions for new trial. 44 ALR Fed 13.

1. CRIMINAL LAW — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

> To merit a new trial on the basis of newly discovered evidence, a defendant must show that the evidence is newly discovered, not merely cumulative, probably would have caused a different result, and was not discoverable and producible at trial despite reasonably diligent efforts to do so; a trial court's ruling on a motion for a new trial is reviewed on appeal for an abuse of discretion.

2. CRIMINAL LAW — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — POLYGRAPH EXAMINATIONS — WITNESSES — CREDIBILITY.

> The results of a polygraph examination of a witness offered by a defendant at a hearing on a motion for a new trial based on newly discovered evidence may be considered by the trial court in deciding the motion where the results are offered on behalf of the defendant, the test was taken voluntarily, the professional qualifications and the quality of the polygraph equipment meet with the approval of the court, either the prosecutor or the court is able to obtain an independent examination of the subject or of the test results by an operator of the court's choice, and the results are considered only with regard to the general credibility of the subject.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Thomas R. McCombs,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and BRENNAN and B. L. HOWARD,* JJ.

MICHAEL J. KELLY, P.J. Defendant appeals as of right his conviction by jury of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). We reverse and remand for a new trial.

Defendant fatally shot the victim, Steve Hauck, in the presence of Hauck's girl friend, Doreen

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Stout. Apparently, defendant and Hauck had a history of animosity. At trial, defendant argued self-defense. However, Stout testified that Hauck was not carrying a gun when he was shot, and apart from assertion that the victim had "something chrome" in his hand, there was no other evidence indicating that Hauck had been armed.

I

Defendant argues that he is entitled to a new trial on the basis of newly discovered evidence. At the hearing on defendant's motion for a new trial, Theresa Simpkins, a sixteen-year-old staying at Stout's house at the time of defendant's sentencing, provided the following testimony: Stout said that she had lied on the witness stand when she stated that Hauck was not carrying a gun when he was shot. Stout explained that she had removed Hauck's gun from his body after the shooting. Hauck had told Stout earlier that evening that he hated defendant and was going to kill him.

The discovery that testimony introduced at trial was perjured may be grounds for a new trial. *People v Barbara,* 400 Mich 352, 363; 255 NW2d 171 (1977). In order to merit a new trial on the basis of such a discovery, a defendant must show that the evidence (1) is newly discovered, (2) is not merely cumulative, (3) would probably have caused a different result, and was not discoverable and producible at trial with reasonable diligence. *People v Davis,* 199 Mich App 502, 515; 503 NW2d 457 (1993). A trial court's ruling on a motion for a new trial is reviewed for an abuse of discretion. *Id.*

The trial court denied defendant's motion because it did not believe that the new testimony would have changed the result. It considered Simpkins' testimony unreliable in light of her apparent

immaturity, the conflicting testimony from other witnesses, and the unlikelihood that Stout would confess to a girl who, though staying at Stout's house, was not acquainted with Stout personally.

While it is true that a trial court may evaluate the credibility of a witness in deciding a motion for a new trial, *People v Herbert,* 444 Mich 466, 468; 511 NW2d 654 (1993), we believe that this trial court's evaluation constituted an abuse of discretion. The new testimony would have provided corroboration of defendant's theory of self-defense. In addition, other evidence did not decisively undermine Simpkins' credibility; in fact, there were many reasons to believe her. Although she was aware of a romance between defendant and her boyfriend's aunt, she did not know defendant personally. There was no indication of ill will between her and Stout's family. Her account of Stout's statements surfaced spontaneously. The self-defense theory that Simpkins' story ultimately supports is consistent with the established animosity between defendant and the victim and with the threats on defendant's life made by the victim and heard by several witnesses on the night of the shooting.

In addition, Simpkins' credibility was bolstered by the results of a polygraph test. Polygraph test results may be considered in deciding a motion for a new trial where, as here, (1) they are offered on behalf of the defendant, (2) the test was taken voluntarily, (3) the professional qualifications and the quality of the polygraph equipment meet with the approval of the court, (4) either the prosecutor or the court is able to obtain an independent examination of the subject or of the test results by an operator of the court's choice, and (5) the results are considered only with regard to the general credibility of the subject. *Barbara, supra*

at 412-413. We cannot say that the newly discovered evidence probably would not have resulted in a different verdict.

II

For purposes of avoiding possible error on retrial, we turn to defendant's allegation that several of the prosecutor's questions and comments constituted misconduct by the prosecutor. We first note that defense counsel failed to object to most of the comments. Of those to which an objection was made, only the prosecutor's cross-examination of the examining psychiatrist merits discussion. According to the psychiatrist, defendant stated that he did not use drugs. On cross-examination, the prosecutor attempted to impeach the witness by showing him a statement by a third party and asking the witness whether he had read the part of the statement to the effect that defendant dealt drugs.

This was an improper attempt to introduce evidence of illegal activity by defendant without substantiation. See *People v Jones,* 293 Mich 409, 413; 292 NW 350 (1940); *People v Brocato,* 17 Mich App 277, 302; 169 NW2d 483 (1969). Furthermore, the only purpose of the question was to impeach the credibility of the witness. The probative value of such evidence is outweighed by the prejudicial effect. *Brocato, supra* at 302. In this case, the probative value was already low because it addressed drug dealing instead of drug use, and the danger of prejudice was high, especially because the prosecution later repeated this line of questioning with two other witnesses, including defendant.

Reversed and remanded for a new trial.