# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW BANKS,

Defendant-Appellant.

UNPUBLISHED
April 12, 2016

No. 325320
Wayne Circuit Court
LC No. 14-004352-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 6 months to 5 years' imprisonment for felon-in-possession, 6 months to 5 years' imprisonment for carrying a concealed weapon, and two years' imprisonment for felony-firearm. We affirm.

This case arises from a narcotics raid that occurred in Detroit. On that day, defendant went to a house in order to obtain money from his father. Approximately five minutes after defendant arrived at the home, the police entered in order to execute a narcotics search warrant. At trial, Police Officer Daniel Harnphanich testified that upon entering the house, he saw defendant remove a handgun from his right waistband and drop to his knees while tossing the gun underneath a nearby loveseat. Defendant and his father, Michael Banks, Sr., both testified that defendant did not have a gun. The trial court found Officer Harnphanich's testimony regarding the firearm to be credible, and subsequently found defendant guilty of felon-in-possession, carrying a concealed weapon, and felony-firearm. Following trial, defendant filed two motions for a new trial. The first motion was based on newly discovered evidence. The second was based on the prosecutor's failure to present a res gestae witness, Jermaine Stillman. The trial court denied both motions, and these issues form the basis of this appeal.

Defendant first argues that he was denied the effective assistance of counsel. He claims that defense counsel's performance fell below an objective standard of reasonableness when he failed to present Stillman as a witness at trial. We disagree. To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). While

-1-

defendant did file a motion for a new trial in the lower court relating to Stillman's potential testimony, it was based on the prosecutor's failure to present Stillman as a witness, not defense counsel's ineffectiveness. Defendant never moved for a new trial or a *Ginther*[1] hearing in the trial court regarding this claim of error. Thus, this issue is unpreserved. When an ineffective assistance of counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *Id.*

Both the United States Constitution and the Michigan Constitution guarantee criminal defendants the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207.

It is presumed that trial counsel used effective trial strategy, and a defendant has a heavy burden to overcome this presumption. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Specifically, the decision "to call or question witnesses is presumed to be [a] matter[] of trial strategy" and will only constitute ineffective assistance when it deprives defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted).

Defendant has not overcome the presumption that defense counsel chose not to call Stillman as a matter of trial strategy. At trial, there were several references to the fact that there were three men present at the home during the raid: defendant, his father, and Stillman. Thus, the record demonstrates that defense counsel was, minimally, aware of Stillman and his potential testimony. However, the record does not indicate whether defense counsel contacted or interviewed Stillman. While the failure to conduct an adequate investigation can constitute ineffective assistance of counsel if it undermines confidence in the outcome of the trial, *Russell*, 297 Mich App at 716, a defendant claiming ineffective assistance of counsel has the burden of establishing the factual predicate for the claim, *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). While there is no evidence in the record to establish that defense counsel contacted Stillman and intentionally decided to exclude him as a witness at trial, there is also no evidence in the record to establish that defense counsel failed to interview Stillman or overlooked him as a possible witness for trial. See *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008) (rejecting an ineffective assistance claim based on defense counsel's alleged failure "to personally interview defense witnesses before trial" because the claimed deficiencies were "not apparent from the record."); *People v Odom*, 276 Mich App 407, 417; 740 NW2d 557 (2007) (rejecting an ineffective assistance claim where defense counsel's alleged failure to properly

---

[1] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

investigate a case was not apparent from the existing record). Indeed, Stillman's affidavit provides that he was never contacted by the prosecutor; it makes no mention of whether he was interviewed by defense counsel. Thus, defendant has failed to overcome the presumption that his counsel's decision not to call Stillman as a witness was trial strategy, *Payne*, 285 Mich App at 190, and counsel's failure to call Stillman as a witness at trial did not fall below an objective standard of reasonableness, *Nix*, 301 Mich App at 207.

Further, Stillman's affidavit provides some insight into why defense counsel may have chosen not to call him as a witness. At trial, Banks testified that he did not know Stillman's name and defendant testified that he did not know Stillman at all. However, in his affidavit, Stillman indicated that he was at the home on the day of the raid "visiting" with Banks, leading to the inference that he was actually acquainted with Banks. Thus, the three men's testimony does not appear to be wholly consistent. Defense counsel may have reasonably concluded that Stillman's testimony would hurt defendant's credibility rather than help it.

Next, defendant argues that the trial court erred when it denied his motion for a new trial on the basis of newly discovered evidence. We disagree.

Whether to grant a new trial is in the trial court's discretion, and its ruling is reviewed for an abuse of discretion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). An abuse of discretion occurs when the result is outside the range of principled outcomes. *Id.* The trial court's factual findings are reviewed for clear error, while questions of law are reviewed de novo. *People v Terrell*, 289 Mich App 553, 559; 797 NW2d 684 (2010).

A new trial may be granted when the substantial rights of a party were materially affected and there was "[m]aterial evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial." MCR 2.611(A)(1)(f).

> For a new trial to be granted on the basis of newly discovered evidence, a defendant must show that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. [*People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012) (internal quotations omitted), quoting *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003).]

"The discovery that testimony introduced at trial was perjured may be grounds for a new trial." *People v Mechura*, 205 Mich App 481, 483; 517 NW2d 797 (1994). However, newly discovered evidence in the form of recanted testimony is traditionally "suspect and untrustworthy," and Michigan courts "only reluctantly grant new trials" on that basis. *People v Canter*, 197 Mich App 550, 559-560; 496 NW2d 336 (1992). "The trial court has discretion whether to grant a new trial on the basis of recanting testimony, and due regard must be given to the trial court's superior opportunity to appraise the credibility of the recanting witnesses and other trial witnesses." *Id.* at 560.

First, we note that the trial court was mistaken when it concluded that when a witness "change[s] his mind" it cannot be newly discovered evidence. See *Mechura*, 205 Mich App at 484 (finding recanted trial testimony constituted newly discovered evidence). Additionally, there was no indication in the record that defendant was aware of Banks's new testimony at the time of trial or that defendant could have discovered and produced it at trial using reasonable diligence. Thus, Banks's recantation and new potential testimony constituted newly discovered evidence, and as such, fulfilled the first *Cress* factor. Banks's new testimony also fulfilled the second and third *Cress* factor. The evidence was not merely cumulative. Bank's additional testimony that corroborated defendant's version of events would be valuable to defendant's case, especially in light of the disparity between the stories testified to by defendant and the police. Additionally, before trial, defendant could not have anticipated or discovered that Banks would later recant his testimony.

However, this evidence does not meet the fourth *Cress* factor, as defendant has failed to show that Banks's new potential testimony would make a different result probable on retrial. At trial, defendant testified that he did not have a gun during the raid and Banks testified that he never saw defendant with a gun. Officer Harnphanich testified that he saw defendant draw a handgun from the waistband of his pants and toss it underneath the nearby loveseat. Now, Banks asserts that the gun found in the house belonged to him, and that he placed it in the couch before defendant's arrival. While Banks now takes responsibility for having the gun, the crux of the dispute still remains. As the court stated at the motion hearing, "there was eyewitness testimony from the police officer that this Court believed he was truthful, was credible . . . that he saw [defendant] throw the gun." The new potential testimony from Banks continued to contradict Officer Harnphanich's testimony, but would not cause a different result as the testimony provided no further basis under which to impeach Officer Harnphanich's testimony. Thus, Banks's retraction and new testimony failed to meet the fourth *Cress* factor, and the trial court, therefore, did not abuse its discretion when it denied defendant's motion for a new trial. See *Cress*, 468 Mich at 692 (finding that the trial court did not abuse its discretion in denying the defendant's motion for a new trial where the newly discovered evidence constituted new testimony that, while contradictory to the events presented by the prosecution at trial, was not credible and, therefore, would not make a different result probable on retrial).

In his motion for new trial, defendant also claimed that he was entitled to a new trial because "the verdict has resulted in a miscarriage of justice." A motion for a new trial may be granted where the evidence so clearly weighed in the defendant's favor that it would be a miscarriage of justice to allow the verdict to stand. *People v Gadomski*, 232 Mich App 24, 28; 592 NW2d 75 (1998); MCR 6.431(B). However, defendant's argument that his convictions were against the great weight of the evidence is unpersuasive. This case involved a credibility contest between defendant and Banks and Officer Harnphanich. Although their testimony conflicted, conflicting testimony is an insufficient ground for granting a new trial. *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129 (1998).

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-4-