# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PATRICK RYAN BABBITT,

        Defendant-Appellant.

UNPUBLISHED
July 24, 2018

No. 333969
Roscommon Circuit Court
LC No. 15-007396-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

PATRICK RYAN BABBITT,

        Defendant-Appellee.

No. 340321
Roscommon Circuit Court
LC No. 15-007396-FH

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault by strangulation, MCL 750.84(1)(b), unlawful imprisonment, MCL 750.349b, and interfering with an electronic form of communication, MCL 750.540(5)(a); he was acquitted of assault with a dangerous weapon, MCL 750.82. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for the assault conviction, 19 to 50 years' incarceration for the unlawful imprisonment conviction, and to 22 months to 15 years' imprisonment for the conviction on interfering with an electronic communication. Defendant appealed as of right, arguing claims of ineffective assistance of counsel, and he subsequently filed a motion to remand in this Court, seeking an opportunity to file a motion for new trial premised on the claims of ineffective assistance. This Court granted defendant's motion to remand. *People v Babbitt*, unpublished order of the Court of Appeals, entered February 6, 2017 (Docket No. 333969). On remand, however, defendant filed his motion for new trial beyond the deadline set by this Court in the remand order, and the trial court, because of the tardiness defect, entered an order returning the case to this Court. On motion of defendant, this Court once again remanded the

-1-

case "so that defendant may bring a new motion for a new trial based on the alleged ineffective assistance of trial counsel underlying the motion to remand." *People v Babbitt*, unpublished order of the Court of Appeals, entered April 12, 2017 (Docket No. 333969). On remand, defendant agreed with the prosecutor's argument that trial counsel was not ineffective, so defendant changed course and pursued the motion for new trial on alternative grounds, including an argument that newly discovered evidence, if available at trial, would have impeached the victim's trial testimony and showed that she had committed perjury. The trial court granted defendant's motion for new trial on the basis of the newly-discovered-evidence theory, rejecting the prosecution's argument that defendant's motion exceeded the scope of the remand order. The prosecution appealed the trial court's order by delayed leave granted, with the motion panel *sua sponte* also ordering the consolidation of the two appeals. *People v Babbitt*, unpublished order of the Court of Appeals, entered December 6, 2017 (Docket No. 340321). We reverse the trial court's order granting defendant a new trial, and we affirm defendant's convictions and sentences.

Evidence was presented at trial that defendant was living with the victim and her four minor children on April 26, 2015, when they had an argument about defendant taking out the trash, during which argument defendant physically assaulted the victim. The prosecution presented testimony from the victim that defendant severely beat and choked or strangled the victim, punching her in the head, striking her with the base of a cordless phone charger, and cutting off her air supply, such that she blacked out a couple of times, all the while her young children were jumping on defendant in an effort to save their mother. According to the victim, as she was screaming, defendant repeatedly told her, " 'Shut the f**k up, bitch.' " The victim sustained bruises and cuts on various parts of her body, along with two broken fingers. The victim tried to use a telephone to call for help at one point during the assault, but there was no dial tone, and she later discovered that the phone had been unplugged. There was also testimony that defendant prevented the victim and her daughters from leaving their apartment.

A representative from Child Protective Services (CPS) contacted the victim on April 28, 2015, after receiving a referral and conducting forensic interviews with two of the victim's daughters at their school. The victim initially denied that defendant had physically assaulted her, but she called the CPS worker later that evening and told her that she had not been forthcoming and that she wanted to meet and speak with the worker. During a meeting on May 1, 2015, the victim told the CPS worker that defendant had in fact assaulted her. A police officer also interviewed the victim on May 1st and photographed her injuries.

Defendant acted *in propria persona* during pretrial proceedings, and he planned to represent himself at trial. However, on the first day of trial, defendant refused to attend the trial, telling the jail administrator that he would have to be physically removed by the jail's "goon squad" if ordered to be in the courtroom. Defendant indicated that he had no intention of listening to, watching, or participating in the trial. The trial court decided that physically compelling defendant to attend trial would be much too "disruptive," determining instead that the trial would be conducted in defendant's absence. The trial court had appointed standby advisory counsel for defendant during pretrial proceedings, and the court now appointed that attorney to represent defendant at trial.

Following trial, defendant appealed his convictions, arguing that trial counsel had been ineffective for various reasons, including failure to obtain a traffic crash report from the state police regarding an all-terrain vehicle (ATV) accident in which the victim had been involved on April 12, 2015, which was two weeks prior to the assault. The victim testified at trial that she was in an ATV accident in September 2014 or 2015.[1] Defendant argued that the crash report of the April 2015 accident would have impeached the victim, undermining her account of the assault by showing that her injuries resulted from the ATV accident two weeks earlier and not from the altercation with defendant.[2] Defendant also faulted trial counsel for failing to impeach the victim with a prior crime of dishonesty, failing to assist defendant in obtaining medical records showing that the victim engaged in "prescription doctor shopping," which could have been used to impeach her testimony, and failing to illustrate to the jury the victim's alleged mental instability and proclivity for lying.

On the second remand, defendant filed a motion for new trial, asserting that trial counsel was ineffective for the reasons that had been set forth in his appellate brief and because counsel failed to prevent fraud on the court by the victim and failed to move for a directed verdict due to lack of evidence on the charge of interfering with an electronic form of communication. In response, the prosecutor, citing *People v Kammeraad*, 307 Mich App 98; 858 NW2d 490 (2014), argued that defendant refused to participate in his trial and could not now attack his convictions by claiming ineffective assistance of counsel.[3] The prosecution also maintained that the failure

---

[1] The victim testified that the ATV accident occurred in September 2015, but she also stated that it happened about a half-year before the assault, which took place in April 2015. Thus, it is unclear whether the victim meant to say that the ATV accident occurred in September 2014. Further, the transcript of the victim's testimony reflected that she had obtained a police report about the ATV accident the day before she testified and that she was reading from the report in testifying as to the date of the accident, but the report was not admitted into evidence. The victim's testimony, when considered in conjunction with the crash report of the April 2015 accident, suggest that she had been involved in two ATV accidents. However, considering that no report of any ATV accident in September 2014 or 2015 was ever admitted, nor produced at any time in the lower court, we are not sure whether there were one or two ATV accidents involving the victim. The victim did testify to the nature of her injuries sustained in the ATV accident.

[2] The crash report indicated that our victim "was thrown from the ATV causing injury," but it did not specify the nature of her injuries. The report did state that she was taken to Mercy Hospital by ambulance.

[3] In *Kammeraad*, 307 Mich App at 100-101, this Court ruled:

> In this opinion, we hold that defendant, being competent, forfeited his constitutional rights to counsel, self-representation, and to be present in the courtroom during his trial, given the severity of his misconduct and his absolute refusal to participate in any manner in the proceedings. Although the circuit court ordered appointed counsel to represent defendant during the trial, over counsel's strenuous objections and despite defendant's refusal to work with counsel, we conclude that, under the circumstances, defendant was not constitutionally

to obtain the crash report and the victim's medical records would have involved pretrial failures when defendant was representing himself, which failures could not be attributed to then standby counsel. The prosecutor further argued that the victim's crime of dishonesty, uttering and publishing, was more than ten years old and thus not admissible under MRE 609(c). With respect to making arguments to the jury about the victim's alleged mental instability and proclivity for lying, the prosecution maintained that the matters concerned trial strategy and that trial counsel had argued to the jury that the victim was lying about her injuries. Finally, the prosecutor contended that there was testimony by the victim that defendant had interfered with an electronic form of communication; therefore, counsel was not ineffective for failing to move for a directed verdict on the charge, as counsel need not present meritless motions.

Defendant then filed a "supplemental" brief in support of the motion for new trial, arguing now that he was entitled to a new trial on the basis of newly discovered evidence, including the crash report concerning the April 2015 ATV accident, which in turn established that the victim had committed fraud and perjured herself at trial by not revealing that accident. At the hearing on defendant's motion for new trial, defendant's appellate counsel stated that, after reading cases cited by the prosecution, "I agree with [the prosecutor] that trial counsel, stand-by counsel was not ineffective in terms of the [S]ixth [A]mendment." The trial court granted the motion for new trial, concluding "that the victim in this matter perjured herself on the stand" and that "[i]f the [crash] report would have been available to defense counsel or [defendant] to impeach her testimony at trial, there more than likely could have been a different result." The trial court denied the prosecutor's motion for reconsideration, reiterating that a new trial was necessary because of the perjured testimony.

With respect to the issues of ineffective assistance of counsel raised by defendant in Docket No. 333969, we hold that those issues were effectively abandoned and waived by defendant when appellate counsel on remand agreed and conceded that trial counsel was not ineffective. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (waiver is defined as the intentional relinquishment or abandonment of a known right) (quotation marks omitted).

With respect to the prosecutor's appeal in Docket No. 340321 regarding the trial court's order granting defendant a new trial, we hold that the court exceeded the scope of the remand order issued by this Court, which remanded the case, while retaining jurisdiction, specifically for the purpose of defendant filing a motion for new trial "based on the alleged ineffective assistance of trial counsel." Unpub order, entered April 12, 2017. In *People v Canter*, 197 Mich App 550,

---

entitled to counsel in the first place. Therefore, even assuming that counsel entirely failed to subject the prosecution's case to any meaningful adversarial testing, reversal is not warranted. Defendant was free to refuse the assistance of counsel, to refuse self-representation, and to refuse appearing at or participating in his trial, forfeiting the associated constitutional rights. He cannot now complain that counsel's performance was deficient for failing to adequately defend against the prosecution's case, considering that it was always defendant's expressed wish not to present any type of defense to the charges.

566-568; 496 NW2d 336 (1992), this Court had entered an order remanding the case on the issue of whether certain testimony constituted newly discovered evidence, and on remand, the trial court precluded the defendant from presenting witnesses on the subject of prosecutorial misconduct, including suborning perjury. The *Canter* panel held:

> Defendant now argues that the trial court erred in precluding him from presenting evidence in support of his allegations of prosecutorial improprieties. We disagree.
>
> At the time defendant attempted to raise these issues, he had already filed a claim of appeal. Therefore, jurisdiction of his case was vested with this Court. Although this Court had remanded the case to the trial court, it did so while retaining jurisdiction and while specifically limiting the scope of the remand proceedings. When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order. Because the issues defendant sought to raise were outside the scope of this Court's limited order of remand, and because jurisdiction of defendant's case was otherwise vested with this Court, the trial court properly precluded defendant from raising them. [*Id.* at 567-568 (citations omitted).]

"It is the duty of the trial court, on remand, to comply *strictly* with the mandate of the appellate court according to its true intent and meaning." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989) (emphasis added); see also *People v McChester*, 310 Mich App 354, 360 n 2; 873 NW2d 646 (2015) ("To the extent that defendant raises additional issues, they exceed the scope of the Supreme Court's remand order and cannot be considered."); *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012) ("When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order."); *People v Bellanca*, 43 Mich App 577, 579; 204 NW2d 547 (1972).

Here, the scope of this Court's remand order solely encompassed defendant filing a motion for new trial based on the allegations of ineffective assistance of counsel. This did not open the door for defendant to abandon the ineffective assistance claims and raise alternative grounds for a new trial that fell outside the scope of the remand order. And because defendant was not permitted to raise new grounds in the motion for new trial, the trial court exceeded the scope of the remand order and its authority by granting the motion on those alternative grounds. Contrary to defendant's argument, MCL 770.1 does not dictate otherwise. MCL 770.1 provides:

> The judge of a court in which the trial of an offense is held may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, or when it appears to the court that justice has not been done, and on the terms or conditions as the court directs.

It is certainly true that a trial court, *in general*, has the authority to grant a defendant a new trial for any of the reasons set forth in the statute. See also MCR 6.431(B) ("On the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice."). Various statutes and court rules grant a trial court a plethora of powers; however, they

cannot be viewed in a vacuum, and the procedural posture of a case and any binding appellate rulings must be considered, otherwise a trial court could simply ignore orders by this Court and our Supreme Court and enter contradictory rulings on the misguided notion that the trial court *generally* has the authority to make such rulings.

Additionally, we reject the trial court's determination that MCL 770.1 was applicable because MCR 7.208(A)(4) states that "[a]fter a claim of appeal is filed . . ., the trial court or tribunal may not set aside . . . the judgment or order appealed from except . . . as otherwise provided by law." The trial court reasoned that MCL 770.1 fits this exception. The trial court's analysis ignores the fact that this Court had already exercised its jurisdiction on the matter by allowing and authorizing defendant to file a motion for new trial within certain parameters, and the court had no authority to enter an order in contravention and outside the scope of the remand order. We also note that this Court retained jurisdiction. Taking the trial court's reasoning to its logical extreme, a lower court would be permitted to ignore directives from this Court that confined or restricted ordered remand proceedings. Moreover, MCR 7.208(A) provides that "[i]n a criminal case, the filing of the claim of appeal does not preclude the trial court from granting a *timely* motion under subrule (B)." (Emphasis added.) And subrule (B)(1) of MCR 7.208 provides that "[n]o later than 56 days after the commencement of the time for filing the defendant-appellant's brief as provided by MCR 7.212(A)(1)(a)(iii), the defendant may file in the trial court *a motion for a new trial* . . . ." (Emphasis added.) The time period calculated under MCR 7.212(A)(1)(a)(iii) had long passed when defendant's motion for new trial was filed, even with respect to the initial motion for new trial that was rejected because it was not filed in compliance with the time requirements of the first remand order entered by this Court. In sum, the trial court, by granting defendant a new trial for the reasons given, entered an order outside the scope of its authority.

Nevertheless, considering that appellate counsel's actions have effectively left defendant without a substantive argument for us to entertain, perhaps suggesting that proceedings under MCR 6.501 *et seq.*, would be inevitable if we declined to go further, and given that the nature of the ineffective assistance claims touched on the April 2015 ATV crash report and the related perjury accusation, we shall substantively examine the ruling by the trial court granting defendant's motion for new trial. The essence of the trial court's decision is that the jurors should have been made aware of the ATV accident that occurred two weeks before the charged assault, yet they were deprived of that information because the victim perjured herself and because the crash report was not introduced. The legal basis of defendant's supplemental motion for new trial was that the crash report constituted newly discovered evidence, revealing the perjury. In *People v Grissom*, 492 Mich 296, 312-313; 821 NW2d 50 (2012), our Supreme Court addressed a motion for new trial based on newly discovered evidence, observing:

> Historically, Michigan courts have been reluctant to grant new trials on the basis of newly discovered evidence. This policy is consistent with requiring parties to use care, diligence, and vigilance in securing and presenting evidence. We have identified several evaluative criteria to apply when determining whether a new trial may be granted because of newly discovered evidence. We have explained that a defendant must show that

"(1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial." [Citations and quotation marks omitted.]

The *Grissom* Court held that newly discovered impeachment evidence is subject to the four-part test and that such evidence satisfies the test "when (1) there is an exculpatory connection on a material matter between a witness's testimony at trial and the new evidence and (2) a different result is probable on retrial." *Id.* at 319 (citations omitted). "The discovery that testimony introduced at trial was perjured may be grounds for a new trial." *People v Mechura*, 205 Mich App 481, 483; 517 NW2d 797 (1994).

We hold that the evidence of an ATV crash involving the victim close in time to the assault was not newly discovered evidence, as the subject matter was raised during a couple of pretrial proceedings, wherein defendant talked about attempting to obtain the crash report from the state police. The record reflected that defendant took the wrong avenues to obtain the report and failed to follow through on the matter. Defendant voiced agreement with the following statement made by standby counsel a full month before trial:

> Mr. Babbitt . . . believe[s] that the victim was in . . . an accident involving an ATV near or at the time of this incident and that some of the injuries that she's accusing Mr. Babbitt of having caused upon her were actually caused by an ATV accident. He believes that there was actually a police report that was . . . prepared in that particular matter that . . . would prove that, in fact, she was involved in an ATV accident and the injuries that she sustained are consistent with the injuries that she's alleging that Mr. Babbitt caused.

The exercise of reasonable diligence would have produced the crash report. Indeed, appellate counsel procured the crash report through a FOIA request, and at the hearing a month before trial, it was suggested that defendant make a FOIA request for the crash report. Defendant is not entitled to a new trial.

Reversed with respect to the order granting defendant a new trial and affirmed in regard to defendant's convictions and sentences. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey