# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTINA WALKER,

        Defendant-Appellant.

UNPUBLISHED
October 2, 2018

No. 338887
Wayne Circuit Court
LC No. 16-005679-01-FC

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial convictions of intentional discharge of a firearm at a building, MCL 750.234b, three counts of felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to four years' probation for the intentional discharge of a firearm at a building and three felonious assault convictions, and a two years' imprisonment for felony-firearm. We affirm.

On appeal, defendant does not directly seek a new trial, but rather, seeks a remand to the trial court so that the trial court can conduct an evidentiary hearing to determine whether she is entitled to a new trial. Specifically, defendant argues that her case should be remanded to the trial court on the basis of newly discovered evidence that Demika Lamb, the prosecution's key witness, gave false testimony at defendant's trial. We disagree.

Generally, an issue must be raised before, addressed, and decided by the lower court in order to be preserved for appellate review. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant failed to argue in the trial court that, based on newly discovered evidence, she was entitled to an evidentiary hearing in order to develop the record in support of her claim that she is entitled to a new trial. Therefore, defendant did not preserve the issue for appellate review.

This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Under the plain error standard, the defendant must demonstrate that (1) an error occurred, (2) the error was plain, i.e., it was clear or obvious, and (3) the plain error affected the defendant's substantial rights. *Id*. at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Even if all three requirements are met,

reversal is only warranted when the plain error resulted in an innocent defendant's conviction, or it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

Defendant never filed a motion for a new trial in the trial court. As a result, defendant cannot demonstrate plain error affecting her substantial rights because the trial court never made a ruling in regard to defendant's motion for a new trial on the basis of newly discovered evidence. Further, this Court cannot consider defendant's evidence in support of her motion to remand because her motion was denied by this Court. MCR 7.210(A)(1). Nonetheless, this Court will analyze defendant's arguments under the four-factor test articulated in *People v Cress*, 468 Mich 678; 664 NW2d 174 (2003), as it seemingly appears that defendant intended to request a new trial as opposed to a remand for an evidentiary hearing. However, even assuming *arguendo* that defendant did request a new trial, and that this Court could consider the evidence that she now presents on appeal, the evidence does not support defendant's argument that she is entitled to a new trial.

A new trial may be granted on the basis of newly discovered evidence if the defendant can show:

> (1) [T]he evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. [*Cress*, 468 Mich at 692.]

The defendant bears the burden of satisfying all four requirements. *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012). "The discovery that testimony introduced at trial was perjured may be grounds for a new trial." *People v Mechura*, 205 Mich App 481, 483; 517 NW2d 797 (1994). However, a motion for a new trial based on newly discovered evidence is not regarded with favor, *Rao*, 491 Mich at 279-80, and newly discovered evidence in the form of recanted testimony is traditionally considered suspect and untrustworthy, *People v Patmore*, 264 Mich App 139, 153; 693 NW2d 385 (2004), quoting *People v Canter*, 197 Mich App 550, 559; 496 NW2d 336 (1992).

The evidence that defendant proffers does not show that Lamb lied at trial. At the outset, it is important to note that not only did defendant fail to provide the prosecution with a copy of the audio recording of the supposed conversation between Lamb and defendant's daughter, Tanyetta Thomas, the transcript is riddled with errors, and is difficult to comprehend. Without the necessary identifying information, it is impossible to know whether the conversation actually took place. More importantly, nowhere in the transcript does Lamb admit that she lied at trial, or that she is in a romantic relationship with defendant's ex-husband, David Walker, Sr. When read in its entirety, the transcript is generally consistent with Lamb's testimony at trial. Lamb repeats several times that defendant was involved in the shooting. Lamb mentioned the laundromat fight as a catalyst for the shooting, and repeatedly stated that defendant broke her windows. While Lamb did admit that she lied at trial when she testified that her phone was dead because she did not want to call the police, that fact does not mean she lied about defendant's involvement with the shooting. Neither does the fact that defendant was willing not to testify at trial if defendant

and Walker, Sr. paid to fix her windows. This evidence actually supports Lamb's testimony as it would be odd to ask defendant and Walker, Sr. to pay for her windows if they never shot at her house.

The affidavits that defendant attached to her offer of proof are no more supportive of her arguments than the transcript of the phone conversation. Thomas' and Monique Jenkin's affidavits do not support defendant's arguments because both merely state that Lamb recanted her testimony, but the transcript does not include a recantation. Neither does David Walker, Jr.'s affidavit support defendant's argument that Lamb committed perjury at defendant's trial. Walker, Jr. does not assert that he overheard Lamb recant her testimony, and only states that Lamb started dating Walker, Sr. in the weeks leading up to his trial. Further, the fact that Walker, Sr. allegedly paid Lamb to not appear at his trial does not support defendant's allegation that Lamb perjured herself at defendant's trial.

Even assuming that the transcript of the cell phone conversation was newly discovered not cumulative, and defendant could not with reasonable diligence have discovered and produced the evidence at trial, defendant's argument still fails because the evidence on retrial would probably not cause a different result. See *Rao*, 491 Mich at 279. "[I]mpeachment evidence may be grounds for a new trial" so long as it satisfies the *Cress* factors and there is a "material, exculpatory connection . . . between the newly discovered evidence and significantly important evidence presented at trial." *People v Grissom*, 492 Mich 296, 299-300; 821 NW2d 50 (2012). However, newly discovered impeachment evidence relating to collateral matters is not a proper basis for a new trial. *Id*.

Arguably, the evidence that Lamb was willing to not testify at trial if she was given money to pay for her broken windows—the only assertion that is supported by the phone call transcript—would call Lamb's credibility into question. However, defendant fails to argue that Lamb's willingness to not testify is general credibility evidence that would support an inference that Lamb had a tendency to lie, but argues that it is evidence that Lamb made a false statement at trial. However, there is nothing exculpatory about this impeachment evidence. Even if the veracity of the impeachment evidence were accepted, it would not shed light on whether defendant shot at Lamb's house. It would actually support Lamb's testimony that defendant and Walker, Sr. shot at her house – why else would Lamb want defendant and Walker, Sr. to pay for her windows? Thus, the impeachment evidence would not make a different result probable upon retrial because Lamb never recanted her testimony that defendant and Walker, Sr. shot her house on May 18, 2016. Accordingly, defendant is not entitled to a new trial on the basis of newly discovered evidence. Furthermore, Carter and Jordan largely corroborated Lamb's testimony. Specifically, both Jordan and Carter testified that they saw defendant and Walker, Sr. outside their house right before the shooting began.

Affirmed.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel