PEOPLE v GARY DAVIS (AFTER REMAND)

Docket No. 73182. Submitted March 8, 1984, at Detroit.—Decided April 27, 1984.

Gary D. Davis was convicted of felonious assault and felony-firearm, Detroit Recorder's Court, Richard P. Hathaway, J. The defendant appealed, alleging that the trial court's findings of fact were insufficient. The Court of Appeals remanded for additional findings of fact on the record. 126 Mich App 66 (1983). On remand, the trial judge read his supplemental findings into the record, reaffirming defendant's convictions and sentences. Neither defendant, his counsel, nor the prosecutor was present at this proceeding. Defendant appeals, arguing that his presence was required during the reading of the findings into the record. After remand, *held:*

Defendant was not prejudiced by his, or his counsel's, absence during the recording of further findings. There was no error.

Affirmed.

APPEAL — REMAND — FINDING OF FACT — RECORD — PRESENCE OF PARTIES.

The purpose of a remand to the trial court for the recording of additional findings of fact is to aid appellate review; this purpose is not enhanced or hindered by the presence of the defendant, his counsel, or the prosecutor during the trial court's reading of additional findings into the record since that is not a time for the presentation of additional evidence or argument and the absence of the defendant or his counsel does not prejudice the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 974.

*Patricia S. Slomski,* for defendant on appeal.

AFTER REMAND

Before: GRIBBS, P.J., and T. M. BURNS and H. E. DEMING,* JJ.

PER CURIAM. Defendant was convicted after a bench trial of felonious assault, MCL 750.82; MSA 28.277, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to consecutive terms of one to four years on the assault and two years on the felony-firearm. On defendant's first appeal, this Court remanded to the trial court for additional findings of fact on the record to comply with GCR 1963, 517.1. *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983). A month later the trial judge read his supplemental findings into the record, reaffirming defendant's convictions and sentences. Neither defendant, his counsel, nor the prosecutor was present at this proceeding. Defendant appeals, arguing that his presence was required during the reading of the findings into the record.

The purpose of a remand for the recording of further findings is to aid appellate review. *People v Jackson,* 390 Mich 621, 627-628; 212 NW2d 918 (1973); *People v Davis, supra; People v Kelly,* 122 Mich App 427; 333 NW2d 68 (1983). This purpose is not enhanced or hindered by the presence of defendant, his counsel, or the prosecutor. The recording of further findings is not a time for the presentation of additional evidence or argument, and the absence of defendant or his counsel would not prejudice defendant. We find no error.

Affirmed.

* Circuit judge, sitting on the Court of Appeals by assignment.