PEOPLE v BLUE

Docket No. 104082. Submitted March 21, 1989, at Lansing. Decided
    July 18, 1989.

    Charles Edward Blue pled guilty but mentally ill in Genesee
    Circuit Court, Thomas C. Yeotis, J., to a charge of assault with
    intent to commit armed robbery and was sentenced. The Court
    of Appeals reversed the conviction in an unpublished opinion
    per curiam decided May 22, 1984 (Docket No. 67079), finding
    that the court was without jurisdiction to accept defendant's
    plea because defendant never asserted a notice of intent to
    claim an insanity defense and the court did not examine the
    forensic report on defendant's mental condition at the time of
    the offense. The people appealed to the Supreme Court, which
    determined that, although the formal notice of an insanity
    defense was not filed as contemplated by the statute, adequate
    notice was given to forewarn the prosecutor and to initiate the
    forensic examination. However, because the trial court did not
    examine the forensic report before accepting the defendant's
    plea, the Supreme Court reversed the decision of the Court of
    Appeals and remanded the matter to the trial court for consid-
    eration of the forensic report to determine whether the plea
    was acceptable at the time proffered in light of all the circum-
    stances. If so, the conviction was to stand affirmed. However, if
    the trial court determined that, in light of the report, the plea
    should not have been accepted, the defendant was to be permit-
    ted to withdraw his plea and the case was to be scheduled for
    trial. 428 Mich 684 (1987). On remand, the trial court, after
    reviewing the forensic report, held that defendant's plea was
    properly accepted and accordingly affirmed the conviction.
    Defendant appealed.

    The Court of Appeals held:

    1. Defendant's contention that error occurred in the remand
    proceedings because a new plea-taking hearing should have
    been conducted after remand is rejected. Were such a hearing

REFERENCES

Am Jur 2d, Appeal and Error §§ 962, 964, 974; Criminal Law § 975.
See the Index to Annotations under Appeal and Error; Attorney or
    Assistance of Attorney; Remand.

necessary, the Supreme Court would have ordered one. It did not, and it was not error for the trial court to comply strictly with the Supreme Court's directions on remand.

2. The presence of counsel for defendant at the remand proceedings was not necessary. The proceedings were conducted merely to correct a procedural error and did not constitute a critical stage in the proceedings at which the presence of counsel would be required.

Affirmed.

1. APPEAL — REMAND — MANDATE OF APPELLATE COURT — STRICT COMPLIANCE.

It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning.

2. APPEAL — REMAND — PROCEDURAL ERRORS — RIGHT TO COUNSEL.

Proceedings on remand which are conducted merely to correct a procedural error do not constitute a critical stage in the proceedings at which the presence of counsel is required.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Ivor R. Jones,* for defendant on appeal.

Before: MACKENZIE, P.J., and HOOD and GRIBBS, JJ.

PER CURIAM. Defendant pled guilty but mentally ill to assault with intent to commit armed robbery, MCL 750.89; MSA 28.284, and was sentenced to serve twenty to forty years in prison. After this Court set aside defendant's plea, our Supreme Court accepted leave on the prosecution's petition and remanded the case back to the trial court to determine if defendant's plea was acceptable in light of a previously omitted psychiatric report. *People v Blue,* 428 Mich 684; 411 NW2d 451 (1987). On September 21, 1987, the trial court, after review of the psychiatric report, held that defendant's plea was properly accepted and accord-

ingly affirmed the conviction. Defendant appeals as of right.

Defendant first argues that error occurred in the remand proceedings because a new plea-taking hearing should have been conducted after remand. We disagree. Had the Supreme Court felt such a hearing was necessary, it would have ordered one. Defendant's case can be likened to those guilty plea cases which have been remanded to allow the prosecution to show the missing element in order to establish a factual basis for the plea. *Blue, supra.* Here, the only procedural flaw in the original plea-taking proceeding was that the trial court did not consider the psychiatric report, which the Supreme Court's directions on remand intended to cure. It is fundamental law that the last utterance of an appellate court determines the law of the case. *People v Whisenant,* 19 Mich App 182, 189; 172 NW2d 524 (1969). It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning. *People v Bellanca,* 43 Mich App 577, 579; 204 NW2d 547 (1972), lv den 389 Mich 753 (1972). Here, the trial court was directed by the Supreme Court to reconsider defendant's plea in light of the psychiatric report. The trial court did so. It was not error for the trial court to comply strictly with the Supreme Court's directions on remand.

Defendant next argues that he should have been provided court-appointed counsel to be present at the remand proceedings. We disagree. Since the proceedings on remand were conducted merely to correct a procedural error, they did not constitute a "critical stage" in the proceedings requiring the presence of counsel. *People v Killebrew,* 16 Mich App 624, 627; 168 NW2d 423 (1969). See also

*People v Gary Davis (After Remand),* 135 Mich App 630, 631; 354 NW2d 287 (1984).

Affirmed.