# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN CHRISTOPHER-CHARLE GASTON,

Defendant-Appellant.

UNPUBLISHED
October 26, 2017

No. 334380
Wayne Circuit Court
LC No. 13-003484-01-FH

---

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

This case returns to this Court after a protracted procedural history. Defendant was found guilty by a jury of criminal sexual conduct, third degree (CSC III—force or coercion), MCL 750.520d(1)(b). This Court's first opinion contains the following brief summary of the underlying facts in this case:

> Defendant was convicted of vaginally penetrating the then 15-year-old complainant. Defendant, the son of a family friend, followed complainant into the bathroom of his mother's home and then vaginally penetrated her. The evidence at trial consisted primarily of complainant's testimony about the assault and forensic evidence showing defendant's DNA on complainant's neck, where he had kissed her during the assault. The sexual assault forensic examiner who examined and treated complainant testified that she found no external physical injury but discovered redness and point tenderness during the genitalia examination consistent with complainant's version of events. [*People v Gaston (Gaston I)*, unpublished opinion per curiam of the Court of Appeals, issued February 26, 2015 (Docket No. 319018, p 1).]

Defendant was sentenced, as a habitual offender fourth, MCL 769.12, to serve 20 to 30 years in prison.

Defendant appealed, arguing that hearsay evidence had been improperly introduced at trial and that the sentencing court made several mistakes in sentencing. This Court affirmed defendant's conviction, but remanded for resentencing because offense variable (OV) 8 was improperly scored at 15 points. *Gaston I*, unpub op at 4. The Court held that "[t]here was no evidence that complainant was 'asported' . . . ," and "the correct scoring of OV 8 would alter defendant's sentencing guidelines . . . " *Gaston I*, unpub op at 4, citing *People v Francisco*, 474

-1-

Mich 82, 89 n 8; 711 NW2d 44 (2006). The majority rejected defendant's sentencing issues as they related to judicial fact-finding, following *People v Herron*, 303 Mich App 392, 403-405; 845 NW2d 533 (2013), which was overruled by *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Defendant, acting *in propria persona*, filed an application for leave to appeal to the Michigan Supreme Court, reiterating the issues presented in *Gaston I* that he did not prevail on, and arguing that he received ineffective assistance of counsel and that his refusal to admit guilt and lack of remorse were improperly used against him at sentencing. The prosecution also filed an application for leave to appeal, reiterating the issues that it failed to prevail on in *Gaston I*.

In an order that encompassed both party's applications, the Michigan Supreme Court, in lieu of granting leave to appeal, stated:

> [W]e VACATE that part of the judgment of the Court of Appeals that vacated the defendant's sentence and remanded for resentencing, and we REMAND this case to the Court of Appeals for reconsideration in light of *People v Lockridge*, 498 Mich 358 (2015). In all other respects, leave to appeal is DENIED because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*People v Gaston*, 498 Mich 900; 870 NW2d 909 (2015).]

On remand, this Court again determined that the scoring error was "a *Francisco* error, not a *Lockridge* error" since "the sentencing court's sentencing decision was in error, not because it engaged in judicial factfinding, but because there was no evidence to support the scoring decision." *People v Gaston (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued January 14, 2016 (Docket No 319018). This Court held: "Given that the court's sentencing decision in this case was based on inaccurate information regarding the scoring of OV 8, resentencing under *Francisco* is required." *Id*. The case was remand[ed] for resentencing and the Court noted that "the sentencing court shall resentence defendant guided by, but not bound, by the sentencing recommendation for the guidelines when OV 8 is scored at zero points." *Id*. at 3 (footnote omitted).

Defendant now appeals from his sentence on remand of 190 months to 30 years in prison, which was within the guideline range of 57 months to 190 months. Because another panel of this Court determined that MCL 769.34(10) was unchanged by the decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), this Court must affirm defendant's sentence.

Defendant argues that the circumstances of the offense and this offender make the sentence unreasonable. Defendant points to the fact that his previous arrests were for "low severity felony theft convictions" and ordinance violations, along with his juvenile assault armed robbery adjudication. Defendant also argues that while he has been found guilty of seven misconduct violations while in prison, he has completed several certifications in self-improvement programs, and has earned his GED. None of defendant's arguments suggests that the sentence is unreasonable, however.

This Court reviews the reasonableness of a sentence by applying the principal of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011). *People v Steanhouse*, ___ Mich ___ ; ___ NW2d ___ (2017) (Docket Nos. 152671, 152849, 152871 to

152873, and 152946 to 152948). According to the Michigan Court of Appeals in *Steanhouse*, under the *Milbourn* test, "a given sentence [could] be said to constitute an abuse of discretion if that sentence violate[d] the principle of proportionality, which require[d] sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 313 Mich App 1, 45; 880 NW2d 297 (2015) (quotation marks and citation omitted; alterations in *Steanhouse*), affirmed in part, reversed in part, ___ Mich ___ (2017) (Docket Nos. 152671, 152849, 152871 to 152873, and 152946 to 152948). The Court of Appeal's *Steanhouse* panel identified the following nonexclusive factors as relevant in determining whether a sentence was proportionate:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) other factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expression of remorse, and the defendant's potential for rehabilitation. [*Id.* at 46 (citations omitted).]

Defendant was convicted of raping a 15-year-old family friend. The victim testified that she had known defendant since she was five or six years old. Defendant did not express remorse until his second sentencing and is a fourth habitual offender. These factors, identified as relevant in determining proportionality according to *Steanhouse*, suggest that 190 months is not an unreasonable minimum sentence.

Furthermore, MCL 769.34(10) states, in relevant part: "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." Like the defendant in *People v Schrauben*, 314 Mich App 181; 886 NW2d 173 (2016), defendant "does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines." *Schrauben*, 314 Mich App at 196 (footnote omitted). *Schrauben* noted that *Lockridge* "did not alter or diminish MCL 769.34(10)," *id.* at 196 n 1, and therefore held that "this Court must affirm the sentence." *Id.* at 196.

Here, defendant was sentenced to a minimum of 190 months' imprisonment. His minimum sentencing guidelines range was 57 to 190 months. Defendant does not allege that his guidelines were scored incorrectly, or that they were based on incorrect information. Defendant simply alleges that his sentence is unreasonable. However, a reasonableness and proportionality argument is only applicable in cases where a minimum sentence departs from the recommended guidelines range. *Schrauben*, 314 Mich App at 196.

Defendant also argues, in a Standard 4 brief filed pursuant to Administrative Order 2004-6, that he received ineffective assistance of counsel at trial, and at his second sentencing. Defendant's claims that his trial counsel was ineffective are squarely outside the scope of the remand order from the Michigan Supreme Court to the Court of Appeals, which remanded the case for resentencing only, and as such will not be considered by this Court. See *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). Defendant's claims that he received ineffective assistance of counsel at his second sentencing are considered, but are meritless.

Defendant first claims that he was denied the effective assistance of counsel because, at sentencing, his counsel failed to object to the scoring of OVs 3 and 4. An attorney's failure to argue for the proper sentencing guidelines may satisfy the prejudice prong of the ineffective assistance of counsel test, *Glover v United States*, 531 US 198; 121 S Ct 696; 148 L Ed 2d 604 (2001), but first, the defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. See *People v Davis*, 250 Mich App 357, 368-369; 649 NW2d 94 (2002); *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Defendant first argues that his counsel should have objected to the scoring of OV 3. The scoring of OV 3 was the subject of a prior appeal, and this Court "concluded that the sentencing court did not err in scoring OV 3" and, relying on *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), overruled 498 Mich at 399 (2015), "rejected defendant's objection to the guidelines scoring insofar as it related to judicial factfinding." *Gaston (On Remand)*, unpub op at 1. Because reviewing courts had already affirmed the scoring for OV 3, sentencing counsel cannot be ineffective for failing to object. See *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015) (stating "counsel is not ineffective for failing to raise meritless or futile objections.").

Counsel is also not ineffective for failing to object to the scoring of OV 4, which was scored at 10 points. First, such objection would have had to have been made during the first appeal. Second, a heightened score for OV 4 is appropriate, and sentencing counsel cannot be ineffective for failing to object. See *Putman*, 309 Mich App at 245 (stating "counsel is not ineffective for failing to raise meritless or futile objections."). OV 4 concerns psychological injury to a victim, and requires a court to score 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a).

Defendant does not explain why he believes that OV 4 was scored improperly; "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "Failure to brief a question on appeal is tantamount to abandoning it." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Furthermore, the complainant's mother wrote in the victim impact statement that, due to the rape, the complainant "has been seeing a [therapist] (at her school) as well as a psychiatrist (outside of school). Since when calculating sentencing guidelines, a court can consider all record evidence, including the contents of a presentence investigation report, *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012), such information was properly considered to increase defendant's OV 4 score. Since counsel cannot be ineffective for failing to raise meritless objections, his failure to object to the heightened score for OV 4 is not ineffective assistance. See *Putman*, 309 Mich App at 245.

Finally, defendant claims that this court should overrule precedent, which states that mitigating factors need not be considered at sentencing. See, e.g. *People v Endres*, 269 Mich App 414; 711 NW2d 398 (2006), overruled on other grounds in *People v Hardy*, 494 Mich 430, 43 n 18; 835 NW2d 340 (2013), stating that *Blakely v Washington*, 542 US 296; 124 S Ct 2531 (2004), which requires trial courts to review all mitigating factors, does not apply to sentencing in Michigan. "A published opinion of the Court of Appeals has precedential effect under the rule

of stare decisis." MCR 7.215(C)(2). Moreover, "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." MCR 7.215(J)(1). While the court rule provides for a conflict procedure when a panel of this Court disagrees with a prior opinion, defendant has not made any compelling argument for invoking the conflict procedure.

Affirmed.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause