*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DON ANDRE BROWN,

Defendant-Appellant.

UNPUBLISHED
November 14, 2019

No. 343999
Wayne Circuit Court
LC No. 15-008009-01-FC

Before: M. J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

When a trial court fails to follow this Court's instructions on remand, the trial court exceeds its authority. Here, the trial court failed to resentence defendant as instructed by this Court on earlier appeal. Therefore, we vacate defendant's sentence for his conviction of second-degree murder and once again remand for resentencing on that conviction.

## I. BACKGROUND

A jury convicted defendant of second-degree murder, MCL 750.317, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b.

At defendant's first sentencing, the trial court assessed 25 points for offense-variable (OV) 1, 5 points for OV 2, 25 points for OV 3, 15 points for OV 5, 25 points for OV 6, 10 points for OV 9, and 10 points for OV 14, for a total of 115 OV points. In addition, the trial court assessed 5 points for prior-record-variable (PRV) 2, 5 points for PRV 5, and 10 points for PRV 7, for a total of 20 PRV points. These scores placed defendant in Level III-C of the sentencing grid for second-degree murder, and the applicable guidelines range for defendant's minimum sentence was 225 to 375 months or life in prison. MCL 777.61. If defendant had been a second-offense habitual offender, the trial court would have been required to increase the minimum-sentence range by 25%, MCL 777.21(3)(a), resulting in a guidelines range of 225 to 468 months or life in prison. If defendant had been a third-offense habitual offender, the trial court would have been required to increase the minimum-sentence range by 50%, MCL 777.21(3)(b), resulting in a guidelines range of 225 to 562 months or life in prison.

-1-

The trial court acknowledged the guidelines and stated that "[o]n the charge of murder in the second degree, as a third offender habitual the sentence will be within the guidelines," and imposed a sentence of 480 to 720 months in prison for that conviction. Therefore, the trial court indicated that it was sentencing defendant as a third-offense habitual offender under MCL 777.21(3)(b), and articulated a belief that it was imposing a minimum sentence within the applicable guidelines range.

Defendant appealed to this Court. Among other issues, defendant challenged his sentence for the second-degree murder conviction, arguing that the trial court erroneously sentenced him as a third-offense habitual offender, MCL 769.11, when he was charged only as a second-offense habitual offender, MCL 769.10. The prosecutor conceded error on this point. This Court concluded that the trial court erroneously sentenced defendant as a third-offense habitual offender, rather than a second-offense habitual offender. As this Court explained:

> Defendant was erroneously sentenced as a third habitual offender, affecting his sentencing guidelines. Defendant was sentenced to a minimum of 480 months for his second-degree murder conviction, which was within the guidelines range of 225 to 562 months for a third habitual offender. This sentence exceeds the guidelines range of 225 months to 468 months for a second habitual offender, entitling defendant to resentencing. [*People v Brown*, unpublished opinion of the Court of Appeals, issued January 25, 2018 (Docket No. 334300, p 8.]

This Court therefore reversed defendant's sentence for the second-degree murder conviction and remanded the case to the trial court with instructions to resentence defendant on that conviction, as a second-offense habitual offender. *Id*. at 9. This Court explained that the trial court would not be precluded from imposing the same sentence on remand, if it determined that the sentence of 480 to 720 months in prison was reasonable despite the acknowledged error regarding defendant's habitual offender status. *Id*. at 8. This Court further specified, "If the trial court imposes the same sentence, which would constitute a departure from the guidelines, it should establish a record and 'justify the sentence imposed in order to facilitate appellate review.' " *Id*., quoting *People v Steanhouse*, 500 Mich 453, 470; 902 NW2d 327 (2017).

Once this Court reverses a defendant's sentence and remands the case for resentencing, the case returns to the trial court in a presentence posture. *People v Rosenberg*, 477 Mich 1076, 1076; 729 NW2d 222 (2007). "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *People v Fisher*, 449 Mich 441, 446-447; 537 NW2d 577 (1995) (cleaned up). "When a case is remanded from our Court because the entire sentence is invalid, every aspect of the sentence is before the judge de novo unless the remand indicates otherwise." *People v Williams (After Second Remand)*, 208 Mich App 60, 65; 526 NW2d 614 (1994). "[T]he doctrine of the law of the case has no application where a case is remanded without directions to the lower court; in such a case the lower court would enjoy the same power as if it made the ruling itself." *Fisher*, 449 Mich at 447.

We recognize that this Court's prior decision can be read in two different ways. First, the decision could be read as a directive to the trial court to resentence defendant, as a second-

offense habitual offender, with a guidelines range of 225 months to 468 months or life in prison. If this Court's prior decision is read in that manner, then the trial court lacked authority to rescore the guidelines for defendant's conviction of second-degree murder, before imposing a new sentence that was either within or outside the guidelines. Second, this Court's prior decision could be read as a directive to the trial court to resentence defendant, as a second-offense habitual offender, but without a specific restriction on the trial court's ordinary ability to rescore the guidelines on resentencing. In that instance, the trial court would have possessed authority to rescore the guidelines for defendant's conviction of second-degree murder, before imposing a new sentence that was either within or outside the guidelines.

In this case, what transpired regarding the trial court's decision to rescore the guidelines is unclear. It appears that the trial court read this Court's prior opinion as an opportunity to rescore the guidelines before resentencing. Although the record is murky on this point, a new sentencing information report (SIR) was prepared that contained different scores for both OVs and PRVs. The new SIR indicated that the trial court assessed 25 points for OV 13 and 10 points for OV 19, compared to the original SIR, which indicated that the trial court had previously assessed zero points for each of those OVs. The new SIR also indicated that the trial court assessed 10 points each for PRVs 2 and 5, compared to the original SIR, which indicated that the trial court had previously assessed 5 points for each of those PRVs. This resulted in an increased OV score of 35 points and an increased PRV score of 10 points, compared to the original SIR, for a total of 150 OV points and 30 PRV points. The new scoring recorded by the trial court on resentencing placed defendant in Level III-D of the sentencing grid, rather than Level III-C. MCL 777.61.

If defendant had been validly placed in Level III-D, then the applicable guidelines range would have been 270 to 450 months or life in prison. MCL 777.61. Because defendant was a second-offense habitual offender, the trial court would have been required to increase the minimum-sentence range by 25%, MCL 777.21(3)(a), resulting in a guidelines range of 270 to 562 months or life in prison. As explained earlier, if the trial court had imposed the original scoring, with a total of 115 OV points and 20 PRV points, those scores placed defendant in Level III-C of the sentencing grid, and the guidelines range for a second-offense habitual offender would have been 225 to 468 months or life in prison. Therefore, the rescoring of defendant's SIR impacted the trial court's understanding of defendant's minimum-guidelines range.

Apparently based on the new SIR, the trial court reaffirmed the original sentence that it imposed for the second-degree murder conviction, stating: "I am mindful that the *recomputed sentencing guidelines* are with a maximum of 562 months or life, and this Court believes that the sentence that was imposed the first time is the correct sentence. I will reaffirm that." (Emphasis added.) Thus, it appears that the increased scores in the new SIR led the trial court to the erroneous belief that the applicable guidelines range was 270 to 562 months or life in prison, and that the sentence that it imposed on remand was within the guidelines, despite its recognition of defendant's corrected status as a second-offense habitual offender.

The parties' briefs on appeal do not address the trial court's rescoring of the SIR. In fact, both parties contend that the trial court imposed an outside-the-guidelines sentence, despite the trial court's implied statement that it believed it was imposing an inside-the-guidelines sentence,

given its statement that the recomputed guidelines range was 270 to 562 months or life in prison, and it imposed a minimum sentence of 480 to 720 months in prison. The positions taken by the parties in their respective briefs on appeal necessarily imply an argument that the trial court was restricted in its ability to rescore the guidelines on remand, and that the trial court therefore imposed an outside-the-guidelines sentence. Given the state of the record, it is unclear to this Court exactly what transpired on resentencing.

Defendant now appeals the sentence imposed by the trial court on remand for the conviction of second-degree murder. We vacate defendant's sentence for the second-degree murder conviction and remand for resentencing.

## II. ANALYSIS

Defendant argues on this second appeal that he is entitled to resentencing because his sentence for second-degree murder, as a second-offense habitual offender, falls outside the applicable guidelines range.

"It is fundamental law that the last utterance of an appellate court determines the law of the case." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). Accordingly, "[i]t is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning." *Id*. "Where a case is remanded for further proceedings, the lower court may not take action inconsistent with the appellate court's remand order." *In re TM (After Remand)*, 245 Mich App 181, 191; 628 NW2d 570 (2001). "When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of that order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012).

In our earlier opinion, this Court ordered the trial court to resentence defendant. As we read the prior opinion, this Court not only concluded that defendant was wrongly sentenced as a third-offense habitual offender, but also concluded that the applicable guidelines range on remand should be 225 to 468 months or life in prison for a second-offense habitual offender. *Brown*, unpub op at 8. In addition, this Court specified that "[i]f the trial court imposes the same sentence, *which would constitute a departure from the guidelines*, it should establish a record and justify the sentence imposed in order to facilitate appellate review." *Id*. (emphasis added). This was a clear directive to the trial court that a minimum sentence of 480 to 720 months in prison would constitute an outside-the-guidelines sentence that required the trial court to articulate its reasoning at resentencing if it decided to impose a minimum sentence that was outside that guidelines range.

The trial court failed to follow this Court's earlier directive on remand. Thus, we vacate the sentence imposed by the trial court for defendant's conviction of second-degree murder and remand for resentencing in a manner consistent with this Court's earlier opinion. On remand, the trial court shall consider the applicable guidelines range to be 225 to 468 months or life in prison for defendant's second-degree murder conviction. If the trial court decides to impose a minimum sentence outside of that guidelines range, such as the sentence of 480 to 720 months in prison that the trial court has twice imposed, the trial court shall articulate its reasons for the sentence imposed, as required by *Steanhouse*.

We vacate defendant's sentence for the second-degree murder conviction and remand to the trial court for resentencing as a second-offense habitual offender, consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle