*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES EDWARD LOCKMILLER,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2022

No. 356217
Calhoun Circuit Court
LC No. 2017-003699-FH

Before: RONAYNE KRAUSE, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals his sentence for his conviction, following a jury trial, of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13). After a remand for resentencing because of an error in assessing offense variable (OV) 7, the trial court resentenced defendant to 17 to 180 months' imprisonment, along with lifetime electronic monitoring (LEM). See MCL 750.520c(2)(b) and MCL 750.520n. Defendant now takes issue with the trial court's imposition of LEM. We affirm.

Defendant argues on appeal that LEM as a punishment constitutes an unconstitutional search, and cruel and unusual punishment. We decline to address his challenges, however, because they are beyond the scope of the remand, which was exclusively for resentencing with reference to a minimum-sentencing-guidelines range as adjusted with the correction of the scoring error identified. See *People v Lockmiller*, unpublished per curiam opinion of the Court of Appeals, issued November 19, 2020 (Docket No. 348184), p 9 ("Remanded for resentencing under the appropriate minimum sentencing guidelines range.").

"When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). In other words, when a case is remanded, the trial court must "comply strictly with the mandate of the appellate court according to its true intent and meaning." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). The trial court did so in this case, revisiting its sentencing decision insofar as was warranted by the reassessment of OV 7.

The original sentence included the same LEM requirement that defendant challenges in this appeal, but defendant did not take issue with it in his original claim of appeal. After this Court remanded the case for the limited purpose of resentencing defendant using the appropriate minimum sentencing guidelines range, defendant again did not raise any issue with respect to the LEM requirement. Even if he had, the trial court would properly have declined to consider it as lying outside the scope of the remand. *Canter*, 197 Mich App at 567; *Blue*, 178 Mich App at 539. This limitation that applied on remand applies to this second appeal—"the scope of the second appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). See also *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). Accordingly, the issues defendant raises in this appeal are not properly before this Court, and we decline to address them.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien