*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

SHAMAR WILLIAMS,

      Defendant-Appellant.

UNPUBLISHED
November 22, 2022

No. 359049
Wayne Circuit Court
LC No. 17-005934-01-FH

Before: GLEICHER, C.J., and SERVITTO and YATES, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] an order denying defendant's motion for resentencing. Defendant was convicted, in a bench trial, of felon in possession of a firearm (felon-in-possession), MCL 750.224f; possession of a firearm during the commission of a felony, second offense (felony-firearm), MCL 750.227b(2); assault with a dangerous weapon (felonious assault), MCL 750.82; and aggravated domestic violence, MCL 750.81a(2). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 2 to 10 years' imprisonment for the felon-in-possession conviction and 2 to 8 years' imprisonment for the felonious assault conviction, to run concurrent to each other, but to run consecutive to five years' imprisonment for the felony-firearm conviction. Defendant received time served for the aggravated domestic violence conviction. In his appeal of right, we affirmed defendant's convictions but twice remanded the case to the trial court for issues related to sentencing.[2] During the second remand, the trial court explained its sentence and denied defendant's motion for resentencing, which defendant challenges in this appeal. We affirm.

---

[1] *People v Williams*, unpublished order of the Court of Appeals, entered January 26, 2022 (Docket No. 359049).

[2] *People v Williams*, unpublished order of the Court of Appeals, entered January 23, 2019 (Docket No. 342893); *People v Williams*, unpublished per curiam opinion of the Court of Appeals, issued April 23, 2020 (Docket No. 342893).

## I. FACTS

The case arises out of an incident between defendant and his former girlfriend. *People v Williams*, unpublished per curiam opinion of the Court of Appeals, issued April 23, 2020 (Docket No. 342893), p 2. The victim testified defendant struck her with his fist as well as pistol-whipped her with a gun. *Id*. According to the victim, defendant also drove his car away from her while she had her hand stuck in the window. She claimed that she was ultimately propelled onto the hood of the vehicle, then fell off and defendant ran her over. *Id*. At the conclusion of the bench trial testimony, the trial court convicted defendant of all charged offenses except the offense pertaining to the assault with the vehicle. *Id*.

During defendant's first sentencing hearing, the prosecution and defendant agreed to an incorrect guidelines minimum sentence range of 14 to 43 months' imprisonment. The trial court accepted this range and sentenced defendant as noted. The minimum sentence imposed for felon-in-possession fell within the guidelines range, but the trial court failed to explain why it sentenced defendant to that amount of time in prison. While his appeal as of right was pending, we granted defendant's motion for remand to correct a sentencing issue, among other claims, and retained jurisdiction.[3]

At the resentencing hearing, the trial court decreased the guidelines range to 5 to 34 months' imprisonment for defendant's felon-in-possession conviction. Despite the decrease in the guidelines range, the trial court maintained defendant's original sentence. Again, the trial court failed to present an explanation for the sentence, citing only that it believed it was correct when it first sentenced defendant and so no change was necessary. After concluding the remand proceedings, the case returned to us for plenary review. Defendant argued he was required to be resentenced because the trial court did not provide an explanation for imposing the same sentence at the resentencing hearing despite the correction of the guidelines range. *Williams*, unpub op at 1, 8-10. We affirmed defendant's convictions, but agreed with defendant regarding sentencing and remanded the case to the trial court for an explanation of the sentence imposed and resentencing, if necessary. *Williams*, unpub op at 1.

The trial court did not find it necessary to hold a second resentencing hearing. Rather, the trial court articulated its reasons for imposing the same sentence despite the change in the guidelines minimum sentence range. It cited many offense-specific reasons for the sentence imposed. This appealed followed.

## II. DISCUSSION

Defendant argues he is entitled to be resentenced, on the basis of accurate information, before a new judge. We disagree.

### A. STANDARD OF REVIEW

---

[3] *People v Williams*, unpublished order of the Court of Appeals, entered January 23, 2019 (Docket No. 342893).

"The issue whether defendant is entitled to resentencing is a legal question that [this Court] review[s] de novo." *People v Latham*, 334 Mich App 501, 505; 965 NW2d 248 (2020). "The proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). "A sentence within the guidelines range is presumptively proportionate . . . ." *People v Posey*, 334 Mich App 338, 358; 964 NW2d 862 (2020). "A defendant can only overcome [this] presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate." *Id*.

## B. ANALYSIS

Defendant argues he is entitled to be resentenced, on the basis of accurate information, before a different judge. There are three ways to challenge a minimum sentence that falls within the sentencing guidelines. The first two are listed in MCL 769.34(10): "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent *an error in scoring* the sentencing guidelines or *inaccurate information* relied upon in determining the defendant's sentence" (emphases added). The third is through the principle of proportionality, "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990). Defendant challenges his sentence under all three.

## 1. MCL 769.34(10)

Defendant first argues he is entitled to a second resentencing because his resentencing was based on inaccurate information. As noted, under MCL 769.34(10), a sentence imposed that falls within the guidelines sentencing range must be remanded when the sentence is based on an error in scoring or on inaccurate information. *People v Jackson*, 487 Mich 783, 793; 790 NW2d 340 (2010). This rule still applies even when the original sentence imposed falls within a corrected guidelines range. *People v Johnson*, 474 Mich 96, 98, 103; 712 NW2d 703 (2006). We have previously held a sentence based on an error in scoring is a sentence based on inaccurate information, and so have remanded the case even when the minimum sentence imposed falls within both the uncorrected and corrected guidelines ranges. *People v Jackson*, 487 Mich at 792-793; *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006).

Here, defendant claims the trial court relied on inaccurate information in two different ways. First, defendant contends the trial court's sentencing decision was on the basis of incorrectly scored guidelines. As discussed above, during the original sentencing hearing, the trial court and the parties agreed on incorrectly scored guidelines. When we remanded the first time and retained jurisdiction, the parties agreed to a change in the guidelines range. The trial court, concomitantly, agreed to resentence defendant. At that resentencing, the trial court specifically acknowledged the new and lower guidelines range. Despite that, the trial court determined defendant would still be ordered to serve the same sentence of 2 to 10 years' imprisonment for his felon-in-possession conviction. The trial court only cited, though, the reasoning it believed it had given at the original sentencing hearing. Because the trial court had not actually provided such reasoning, we remanded to the trial court to explain itself or to grant another resentencing. *Williams*, unpub op at 1. During this second remand, the trial court again noted the new guidelines range of 5 to 34 months'

imprisonment. The trial court explained it had maintained the original sentence at the resentencing because the minimum of two years' imprisonment fell within the newly calculated guidelines and for a plethora of other offense-specific reasons recounted on the record. The trial court's decision to impose the same sentence does not negate the fact the court corrected the scoring error and relied on the corrected guidelines range to impose the second sentence. Because the trial court specifically acknowledged the appropriate guidelines range two separate times on the record, this argument by defendant lacks factual support. Consequently, defendant has not provided us with any reason to believe the trial court relied on the incorrect guidelines range when resentencing defendant, and thus, the decision to explain its reliance on the guidelines range instead of again resentencing defendant was appropriate.

Second, defendant claims the trial court originally sentenced defendant on the basis of its belief he would only be required to serve two years' imprisonment for his felony-firearm conviction. This information was incorrect, defendant identifies, because it was his second felony-firearm conviction, and therefore, he was required to serve a five-year term of imprisonment. The record shows that, indeed, at the original sentencing hearing, the trial court stated defendant would serve two years' imprisonment for his felony-firearm conviction. However, defendant ignores the trial court almost immediately corrected the misstatement. Mere moments later, the trial court clarified, and sentenced defendant to the mandatory five years' imprisonment for his felony-firearm conviction. There was no indication in the record that the trial court's sentence of 2 to 10 years' imprisonment for defendant's felon-in-possession conviction was somehow reliant on the felony-firearm sentence. Later, when we first remanded, and the trial court determined it was required to resentence defendant, the trial court relied solely on its purported reasoning provided at the original sentencing hearing. Defendant appears to believe this statement by the trial court somehow resurrected the trial court's previous misstatement about the felony-firearm sentence. Simply put, there is no record support for the claim. Undoubtedly, by the time of resentencing, the trial court was fully aware it had sentenced defendant to serve five years' imprisonment for his felony-firearm conviction. As a result, there is no record support to conclude the trial court relied on inaccurate information related to defendant's felony-firearm sentence when resentencing defendant to 2 to 10 years' imprisonment for his felon-in-possession conviction. Thus, this argument by defendant fails.

Regarding defendant's assertion the trial court relied on inaccurate information at sentencing, on appeal defendant contends that the trial court's consideration of certain injuries of the victim concerning her hip and hand in elucidating its reasons for imposing the sentence, were improperly premised on acquitted conduct. Our Supreme Court has stated: "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). In this instance, the trial court briefly referenced the victim sustaining injuries from defendant's conduct during the motion hearing, with emphasis on her need to go to the hospital for treatment, and primarily noting injuries to the victim's face because of defendant's assault as well as other injuries to the victim's body. Defendant, however, presents no citation to actual evidence adduced that the challenged injuries were solely attributable to the dismissed charge. Rather the presentence investigation report (PSIR) notes the victim was struck in the head and put out of the car, landing on the ground. Also, in announcing its findings at the conclusion of trial, the trial court specifically stated it believed victim sustained injuries to her body, but did not believe the testimony attributing her injuries to being struck by a vehicle to be credible. Such minimal

-4-

reference to the victim's injuries, as well as a clear delineation between believing the victim was injured and the source of the injuries, is insufficient to establish a *Beck* violation, when defendant has failed to demonstrate the trial court relied on acquitted conduct. Therefore, this argument is unsubstantiated.

## 2. PROPORTIONALITY

Defendant's next argument as to why he is entitled to a second resentencing is that the trial court abused its discretion when it imposed the same sentence in the resentencing hearing because the sentence does not adhere to the principle of proportionality. By imposing the same sentence and adopting the same rationale of the first sentencing hearing, the trial court allegedly did not consider the circumstances concerning the offense nor the offender in a "presentence posture" and erred when it gave its rationale for the original sentence rather than explain why the sentence was still valid or resentence defendant.

"The proper inquiry when reviewing a sentence . . . is whether the trial court abused its discretion by violating the principle of proportionality." *Posey*, 334 Mich App at 354-355. "[The] principle of proportionality requires the sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019) (quotation marks, citation, and alteration omitted). In *Steanhouse*, our Supreme Court reiterated " 'the key test [for proportionality] is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. A defendant can only overcome the presumption that a sentence within the guidelines range is proportionate by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *Posey*, 334 Mich App at 358. *Id*. An unusual circumstance is an occurrence that is "uncommon, not usual, rare." *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992) (quotation marks, citation, and alteration omitted).

Here, defendant argues the trial court did not adhere to the principle of proportionality because it did not exercise proper sentencing discretion in relying on its previous rationale, consider the corrected guidelines score, or articulate that the sentence was proportionate to the seriousness of the circumstances surrounding the offense and the offender, as was required based on the presentence posture of the proceeding. With regard to defendant's first point, a sentence imposed within the sentencing range is presumptively proportional absent unusual circumstances. *Posey*, 334 Mich App at 358, and defendant does not specify any unusual circumstances.

We could infer defendant is referring to the trial court's reliance on its rationale from a vacated sentence to impose the same sentence at a resentencing hearing, despite the decrease in the sentencing range, as rare. If the inference were to stand, this would not constitute an unusual circumstance. As noted in *Steanhouse*, proportionality refers to circumstances related to the offense and the offender rather than the guidelines range. *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. Thus, the procedural history related to the recalculation of the guidelines would not constitute an unusual circumstance under the proportionality standard. That is, it would not be related to the circumstances of the offense or the offender.

Defendant's second argument, that the trial court did not consider the corrected guidelines range in the resentencing hearing, is not supported by the record. The trial court acknowledged the corrected guidelines range in the resentencing hearing and in the motion hearing when it explained its rationale. Given the trial court recognized the change in the guidelines range, we could infer it did consider the corrected guidelines score, and therefore, this is not an unusual circumstance that could rebut the presumption of proportionality. *Posey*, 334 Mich App at 358.

Finally, defendant's claim that the sentence was not proportionate because it did not consider the circumstances concerning the offense or the offender, such as his employment and absence of misconduct tickets in prison, is speculative. A trial court's decision to focus on facts other than those defendant wishes the trial court had relied on is not an unusual circumstance. *Posey*, 334 Mich App at 355-356. The trial court implied it reviewed the PSIR when it asked the parties whether they had a chance to review the updated report. Further, defendant provided a thorough picture of himself as the offender including that he is a high school graduate, is enrolled in all programs he qualifies for in the corrections facility, and has not received any misconduct tickets. The record does not indicate the trial court disregarded these facts, but simply decided to focus on other facts regarding the offense and the offender.[4] Although the trial court acknowledged it did not have the chance to review the sentencing memorandum prepared by defendant, defendant had an opportunity to make arguments for the record to highlight facts the court should consider. Therefore, because defendant has not pointed to any unusual circumstances that would rebut the presumption of proportionality, this argument also fails.

### 3. SCOPE OF REMAND

Finally, defendant argues the trial court violated our remand instructions by not specifying why it chose to resentence defendant to the same sentence despite the decrease in the guidelines sentencing range. *Williams*, unpub op at 1. "It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). In *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), our Supreme Court stated: "[S]entencing courts must justify the sentence imposed in order to facilitate appellate review."

Defendant is at least partially correct, in that there is some indication in the language of our opinion that implied the trial court should specifically articulate why it imposed the same sentence despite the decrease in the guidelines range. For instance, we stated: "We agree and remand to the trial court for an articulation of the reasons for the sentence *in light of* the elimination of the OV scoring." *Williams*, unpub op at 8 (emphasis added). Similarly, we stated in another part of our opinion: "Because the trial court did not articulate reasons for imposing the second sentence *despite the* reduction of the guidelines after removing the OV scores, we remand for an articulation of the reasons for imposing the sentence." *Id*. at 9-10 (emphasis added).

---

[4] In addition, it is noteworthy, although defendant references his prison behavior as a factor for consideration, "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019), citing *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011).

Notwithstanding these quotes, the primary issue on appeal was the trial court's failure to provide any rationale for the sentence it imposed. It did not provide a rationale for the sentence at the first sentencing, nor a rationale in the resentencing hearing when it stated it was relying on the rationale of the first sentencing. Our instruction to the trial court to articulate its reasons was satisfied when the trial court did after the case was remanded to the trial court for the second time. Further, we note that after announcing its reasons for maintaining the same sentence, the trial court inquired of defense counsel whether it had "complied with the remand for the articulation of reasoning from the Court of Appeals," and defense counsel answered, "I believe so."

During the second remand, the trial court provided a plethora of reasons, in addition to the sentence being within the newly calculated guidelines range, for imposing the same sentence. Although the trial court did not specifically identify its reasoning as an explanation for the same sentence, despite a reduction in the guidelines range, it could be inferred such was the trial court's reason for doing so. Pertinently, the trial court noted the guidelines range had changed, but the same sentence was issued because of various circumstances related to the offense. Therefore, even if we read our previous opinion in a manner providing specific remand instructions to the trial court, those instructions were impliedly followed, and defendant's argument fails.

Defendant is not entitled to resentencing because the sentence imposed falls within the minimum guidelines range, the trial court acknowledged that new guidelines applied, and did not violate the principle of proportionality by imposing the same sentence under lower guidelines. Defendant argues the resentencing hearing is based on inaccurate information. However, the inaccuracies highlighted were corrected such that at the time of the resentencing, the inaccurate information defendant points to was absent. Defendant has not satisfied his high burden that would rebut the presumption of proportionality and permit us to order a remand to resentence defendant. As a result, defendant is not entitled to be resentenced.[5]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Christopher P. Yates

---

[5] Defendant argues he is entitled to be resentenced before a different judge. Because we find defendant is not entitled to be resentenced, the issue of whether the case should be before a different judge is moot. *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010).