*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONTEZ RYAN BOYKINS,

        Defendant-Appellant.

UNPUBLISHED
January 18, 2024

No. 362434
Calhoun Circuit Court
LC No. 2017-001941-FC

Before: GARRETT, P.J., and LETICA and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by right his jury conviction of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (personal injury); one count of kidnapping, MCL 750.349; and one count of assault by strangulation, MCL 750.841(1)(b). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to serve a life-sentence in prison for his kidnapping conviction, 95 months to 15 years for his assault by strangulation conviction, and 45 to 75 years in prison for each of his CSC-I convictions.

Defendant previously appealed his convictions and a panel of this Court issued a per curiam opinion affirming defendant's convictions, but "remand[ing] this matter for the purposes of permitting the trial court to make a record whether its sentence would have been different [if it had known that defendant was subject to lifetime electronic monitoring (LEM)] or to resentence defendant if it so decides." *People v Boykins*, unpublished per curiam opinion of the Court of Appeals, issued January 21, 2021 (Docket No. 345846), p 15. At the hearing on remand, the trial court stated that its sentencing decision would not have been impacted by the fact that defendant was subject to LEM following his release from prison. Defendant now argues that the trial court erred by failing to consider his updated presentence investigation report (PSIR) and by failing to allow him to challenge the sentencing guidelines and the information contained in his updated PSIR during the first hearing on remand. We affirm.

-1-

## I. FACTUAL BACKGROUND

The prior panel set forth the basic facts:

> Defendant and the victim made plans to go to a casino together on the night of March 24, 2017. Defendant picked up the victim from her cousin's home at some point shortly before midnight. However, defendant drove to a motel rather than the casino.
>
> The victim testified that she had fallen asleep during the drive and woke up when they arrived at the motel. Defendant told her they were waiting for his cousins. According to the victim, she went into the motel room to use the bathroom and then had a brief conversation with defendant. The victim testified, "And then he just grabbed me by my throat and threw me on the bed and told me to 'Shut the fuck up, B****, before I kill you.' " The victim continued her trial testimony by describing in detail how defendant sexually assaulted her while continuing to maintain his hold on her neck and choking her. She testified that she never consented to defendant's actions. The victim further testified that at one point, defendant had his cell phone out and was trying to record the act, but the victim "smacked it out of his hand."
>
> After the assault, defendant told the victim not to say anything to anybody, he opened the vehicle door, and the victim got in . . . . [*Boykins*, unpub op at 1-2.]

Once the police became involved and interviewed defendant, he denied any sexual contact with the victim, explaining that he never went into the motel room with her. Two days later, however, defendant admitted he had sex with the victim and lied about it because he did not want his girlfriend to find out about the matter. At trial, defendant maintained that he had engaged in consensual sexual intercourse with the victim. The jury convicted defendant of both charges of CSC-I, kidnapping, and assault by strangulation. *Id*. at 1. However, the jury found defendant not guilty of CSC-III.

At defendant's initial sentencing, the trial court considered the fact that defendant had several felony convictions on his record, including drug-related offenses, carrying a concealed weapon, and assaulting, resisting, or obstructing a police officer. Defendant had also been convicted of three misdemeanors. The trial court determined that defendant's criminal history and acts against the victim indicated that defendant was a danger to society. After the parties agreed that LEM was not required, the trial court opted not to sentence defendant to LEM. The trial court then sentenced defendant to life in prison for kidnapping, to 45 to 75 years' imprisonment for each CSC-I, and to 95 months to 15 years' imprisonment for assault by strangulation.

As already discussed, during defendant's initial appeal, defendant argued that he was entitled to resentencing because the trial court wrongly believed that defendant would not be subject to LEM. The prior panel summarized the issue:

> Defendant contends that the trial court's statement at the sentencing hearing that it believed defendant to be "an absolute danger to society" indicates that the severity of the trial court's sentence was influenced by its mistaken belief that

defendant would not be subject to [LEM].  On this issue, the prosecution acknowledges error, but argues that the error can be cured without the need for resentencing.  Defendant argues that resentencing is required.  [*Id*. at 14.]

The prior panel then addressed defendant's argument:

> At the sentencing hearing, defense counsel objected to the application of [LEM].  Both the prosecutor and the trial court agreed that defendant was not subject to [LEM], and the trial court stated that "it won't be ordered as part of this sentence at this time."  The trial court announced its sentence on the record, sentencing defendant to 45 to 75 years' imprisonment for each CSC-I conviction, life imprisonment with the possibility of parole for the kidnapping conviction, and 95 months to 15 years' imprisonment for the assault by strangulation conviction.  However, thereafter, a judgment of sentence [JOS] was entered indicating that defendant was subject to [LEM] under MCL 750.520n, contrary to the trial court's statement at the hearing.  His sentence contained in the judgment otherwise corresponded to the trial court's pronouncement on the record at the hearing.

> Clearly, the parties and the trial court were incorrect in agreeing at the sentencing hearing that defendant was not subject to [LEM].  "[T]he Legislature has mandated [LEM] for all CSC-I sentences except when the defendant is sentenced to life without the possibility of parole under § 520b(2)(c)."  *People v Comer*, 500 Mich 278, 289; 901 NW2d 553 (2017).  Defendant was sentenced to a term of years for his two CSC-I convictions and the victim was not under the age of 13.  See MCL 750.520b(2)(b) and (c) (each providing punishment for different situations that involve a victim under the age of 13).  Thus, defendant's sentence implicates MCL 750.520b(2)(a) (stating that CSC-I is punishable "[e]xcept as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years").  He was not sentenced to life without the possibility of parole under MCL 750.520b(2)(c).

> Defendant was therefore subject to [LEM].  MCL 750.520b(2)(d) ("In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to [LEM] under section 520n."); *Comer*, 500 Mich at 289.  The trial court must have subsequently realized its mistake because the [initial JOS] indicates that defendant is subject to [LEM], although his sentences are otherwise the same as those announced by the trial court on the record at the sentencing hearing.

> "A defendant is entitled to be sentenced by a trial court on the basis of accurate information."  *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006); see also MCL 769.34(10).  Because we do not know what, if any, the trial court's mistaken perception at the time of sentencing had on its sentencing decision, we remand this matter for the purposes of permitting the trial court to make a record whether its sentence would have been different or to resentence defendant if it so decides.  See *id*. at 91-92.  [*Boykins*, unpub op at 14-15.]

-3-

The earlier panel "affirm[ed] defendant's convictions but remand[ed] for purposes of allowing the trial court to make an appropriate record with respect to defendant's sentencing issue." *Id*. at 16.

Defendant then sought reconsideration in this Court, which was denied. *People v Boykin*, unpublished order of the Court of Appeals, entered on February 12, 2021 (Docket No. 345846). Thereafter, defendant sought leave to appeal to the Supreme Court, but it denied his application. *People v Boykins*, 508 Mich 953; 964 NW2d 603 (2021).

At the first hearing on remand, defense counsel attempted to raise arguments about the sentence guidelines scoring and the habitual-offender notice. Defense counsel admitted that these arguments were outside the scope of the prior panel's remand. Nevertheless, defense counsel maintained that the case was in a presentence posture. The trial court disagreed, explaining that the only question before it was whether the addition of LEM to defendant's sentence would have changed the sentence it imposed on defendant. Although defense counsel admitted that the trial court's statement was accurate, counsel opined that the prior panel vacated defendant's sentence. Therefore, according to defendant, the case was in a presentence posture, allowing him to challenge the scoring of the sentencing guidelines.

The trial court determined that the prior panel had affirmed defendant's convictions and remanded the case in order to allow it to make an appropriate record with regard to defendant's sentencing. The one aspect of defendant's sentencing at issue was the LEM. The trial court declined to order resentencing and explained that defendant's LEM did not change its original sentence. The trial court ordered that a new JOS be entered, which reflected that the court had sentenced defendant to LEM.

After the first hearing on remand, defendant moved for resentencing. The parties then engaged in a second hearing. During that hearing, defense counsel argued that the prior panel had vacated defendant's original sentence when it remanded the case back to the trial court. Therefore, the trial court erred by not hearing defendant's challenges to the guidelines. Defense counsel then sought to discuss defendant's challenges before the trial court.

Once again, the trial court concluded that the prior panel's orders on remand addressed only one issue—the LEM—for which the trial court had created a new JOS. The trial court stated that it had acted appropriately by conducting the first hearing on remand within the narrow confines of this Court's order. The trial court then denied defendant's motion for resentencing.

Defendant now appeals.

## II. ANALYSIS

### A. THE PSIR

We review questions of law de novo. *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019). "The proper interpretation of a court order is a question of law that we review de novo." See *Cardinal Mooney High Sch v Mich High Sch Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991). "Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (quotation marks and citation omitted).

-4-

MCR 6.425(D)(1)(c) states that, during a sentencing hearing, a trial court must "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence . . . ." This Court has also held that "[w]ith respect to defendant's right of allocution, . . . the court is required on the record to give defendants an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence." *People v Kammeraad*, 307 Mich App 98, 149; 858 NW2d 490 (2014) (quotation marks, brackets, and citation omitted). Failure to do so merits resentencing. *Id*. This Court places a case in a presentence posture when it remands a case to a lower court for " 'resentencing' without any specific instructions . . . ." *Lampe*, 327 Mich App at 112.

"It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). And, "[w]hen a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). Therefore, a defendant may not raise issues outside the scope of our "limited order of remand." *Id*. at 567-568.

Defendant's arguments on this issue rest on a flawed assumption that the first hearing on remand entailed a resentencing. Defendant relies on *Lampe*, 327 Mich App at 112, and *People v Lockmiller*, 510 Mich 1085; 981 NW2d 727 (2022), to support his claim that this Court's initial opinion had placed his case in a presentence posture. But this case is distinguishable from those cases because the prior panel did not remand this case for resentencing. See *Boykins*, unpub op at 15. Rather, the prior panel remanded "for the purposes of permitting the trial court to make a record whether its sentence would have been different *or* to resentence defendant if it so decides." *Id*. (emphasis added). The word "or" is disjunctive. See *People v Kowalski*, 489 Mich 488, 499, n 11; 803 NW2d 200 (2011). Thus, the prior panel left the question of whether the remand would or would not entail a resentencing to the trial court's discretion. *Boykins*, unpub op at 15.

On remand, the trial court clarified that defendant's eligibility for LEM would not change its sentence and it declined to resentence defendant. Consequently, the trial court was not required to consider defendant's updated PSIR or his challenges to the information it contained. As the trial court explained, it was only obliged to consider the issue presented on remand by the prior panel. In fact, defense counsel acknowledged that the defense arguments were beyond the narrow scope of this Court's remand. And, when the prior panel remanded this case, it made no reference to the updated PSIR or to any of defendant's proposed challenges regarding his sentence or the PSIR. See *id*. As such, the trial court acted properly by strictly complying with the limited scope of the prior panel's directive. See *Blue*, 178 Mich App at 539, *Canter*, 197 Mich App at 567-568. For these reasons, the trial court did not err by failing to consider defendant's updated PSIR or his remaining sentencing challenges.

## B. DEFENDANT'S REMAINING ISSUES

We decline to address defendant's claims regarding the scoring of the sentence guidelines, the habitual offender notice, or the proportionality of his sentence because they are outside the scope of the prior panel's remand.

Our Supreme Court has held that "the scope of the . . . appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 436; 231 NW2d 649 (1975). Therefore, when "an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). Following defendant's first appeal, the panel remanded this case "for the purposes of permitting the trial court to make a record whether its sentence would have been different or to resentence defendant if it so decides." *Boykins*, unpub op at 15. As already discussed, the trial court chose the former option.

In this case, defendant did not challenge the trial court's scoring of the offense variables or the proportionality of his sentence until after the prior panel remanded the matter. Defendant also did not challenge his status as a second habitual offender until the first hearing on remand. Accordingly, we decline to rule on these remaining issues. *Jones*, 394 Mich at 436; *Kincade (On Rem)*, 206 Mich App at 481.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Anica Letica
/s/ Allie Greenleaf Maldonado